### SAMUEL C. BARR, RESPONDENT, *v.* JAMES M. SHAW APPELLANT.

*Malicious prosecution and false imprisonment — action for, may be alleged in different counts of the same complaint.*

A cause of action for a false imprisonment, and a cause of action for a malicious prosecution, when both arise out of one and the same transaction, may be respectively alleged in different counts of the same complaint.

APPEAL from an order made at the Special Term, denying a motion to compel the plaintiff to elect upon which of his counts or causes of action, set forth in his amended complaint, he will rely, and that the residue be stricken out as irrelevant.

The complaint contained a count of malicious prosecution, and also one for false imprisonment.

*John R. Dos Passos*, for the appellant. Under section 142 of the Code, it has been held that as there can be but one substantially true statement of a single cause of action. The practice of setting it forth in different counts is necessarily abolished. (*Stockbridge Iron Co.*

v. *Mellen et al.*, 13 How., 439 ; *Superly et al.* v. *The Troy and Boston R. R. Co.*, 9 id., 83 ; *Churchill* v. *Churchill*, id., 552 ; *Lacky* v. *Vanderbilt*, 10 id., 155 ; *Dunning* v. *Thomas*, id., 281 [Alb. Sp. T., March, 1855] ; *Ford* v. *Mattice*, 14 id., 91 ; *Dickens* v. *N. Y. Cen. R. R. Co.*, 13 id., 228 ; *Nash* v. *McAuly*, 9 Abb., 159 ; *Hepburn* v. *Babcock*, in note to above case ; Moak's Van Sant. Plead., 150 ; 1 Chitty's Plead., 243.) The defendant will be greatly prejudiced if this pleading is permitted to stand. The actions of malicious prosecution and for false imprisonment are entirely dissimilar, and the pleadings and evidence are different in each action. (*Brown* v. *Chadsey*, 39 Barb., 253 ; *Von Latham* v. *Libby*, 38 id., 339.) Section 144 of the Code (subd. 5), permitting a defendant to demur where several causes of action have been improperly united, has no relevancy or bearing upon the present application. In the present instance the charge is not that there are two distinct and separate causes of action, but that there are two statements of the same cause of action ; and under all the decisions it would manifestly be improper to demur.

*I. T. Williams*, for the respondent. The defendant does not show that the few lines he now seeks to strike out are a grievance. No facts are stated from which the court can base any such apprehension. (*Brockleman* v. *Brandt*, 10 Abb., 141 ; *Malory* v. *Dows*, 15 How., 261.) Under the former system of pleadings, when the arrest was under color of legal process, it was the universal practice to insert a count for false imprisonment, or, what is the same thing, false arrest, with the count for malicious prosecution. (Saund. Pl. and Ev., 651.) In *Jones* v. *Palmer* (1 Abb., 442) all the judges of the Supreme Court in the city of New York held, upon consultation, that to set out a cause of action in two separate forms or counts, provided there is a fair and reasonable doubt of his ability to safely plead this in one mode only, was not a violation of this provision of section 142. (*Birdseye* v. *Smith*, 32 Barb., 217 ; *Sheldon* v. *Lake*, 9 Abb. [N. S.], 306, 308 ; *Sheldon* v. *Adams*, 41 Barb., 59.)

BARNARD, P. J. :

I think the two counts or causes of action proper in this case. The plaintiff was arrested upon the complaint of the defendant. The plaintiff avers this complaint to have been malicious and with-

out probable cause, and that he, the plaintiff, was discharged for the invalidity of the proceedings. Before his discharge he was imprisoned in the jail. To meet a possible variance in the proof or ruling upon the trial as to the validity of the arrest a count, or cause of action, for false imprisonment is added to one for malicious prosecution. If the arrest is established to be legal, then a cause of action strictly for malicious prosecution must be made out. If the arrest is held to be illegal, then, with a single count for malicious prosecution; a recovery for false imprisonment could only be had by proving the allegations of malice and want of probable cause, which are only important in an action for false imprisonment as affecting the damages. Such a pleading as the one in the present case tends to the attainment of justice. Whatever the plaintiff is entitled to he can recover in this action. There is no unnecessary repetition. (Code, sec. 142.) Order affirmed, with costs and disbursements.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.